JOHN A. HARRISS, Plaintiff, *v.* J. FREDERIC TAMS and Another, Doing Business under the Firm Name and Style of TAMS, LEMOINE & CRANE Defendants.*

Supreme Court, New York County, March 18, 1930.

---

*Affd., 231 App. Div. ——.

*Chadbourne, Stanchfield & Levy* [*E. R. Roth* of counsel], for the plaintiff.

*Satterlee & Canfield* [*R. Randolph Hicks* and *Lloyd F. Thanhouser* of counsel], for the defendants.

CHURCHILL, J.   I think it satisfactorily appears that the representation that the yacht could make twenty-eight miles an hour was a material inducement of the purchase.   It is also clear that defendant, acting as agent for the seller, had no authority to make the warranty on his behalf.   Hence, it was personally liable for breach of the implied warranty of its authority unless by subsequent ratification its principal made the unauthorized undertaking his own.   The acceptance of the purchase price, without knowledge of the warranty, was not such a ratification (*Smith* v. *Tracy*, 36 N. Y. 79; *Deyo* v. *Hudson*, 225 id. 602), and there is no other evidence showing approval with knowledge.   If the vendor is not responsible for the warranty, no right of rescission can be asserted against him, though it is clear that the boat failed to conform to the warranty.

It is urged that, in any event, damages may not exceed the difference in value between the boat as it was and as it would have been if the promised speed had been attained.   This is on the theory that title to the boat had vested in plaintiff.   But I do not think it had.   Of course, the delivery of the bill of sale would have passed title if that had been the intention with which it was delivered and accepted.   The mere ceremonial was ineffective without that intent. The correspondence makes it quite plain that much was to be done to the boat in the way of renovation and repairs before delivery under the contract could be attempted.   Weeks were spent upon that work before any suggestion of delivery was made.   It is not to be supposed that title was intended to pass when so much remained to be done to put the boat in deliverable condition.   The delivery of the bill of sale and the execution of the other papers used to procure documentation of the vessel are easily understood under all the circumstances without attributing to them a purpose manifestly at variance with the realities of the situation.   These papers had to be executed and delivered before a complete record title could be made, and plaintiff was anxious to have the transaction completed and to obtain possession and control of the boat as soon as it could be delivered to him in proper condition.   The fact that some of the steps necessary to complete the passage of a perfect title were taken somewhat out of the natural order ought not to affect the substantial rights of the parties.   Here the payment of the purchase price preceded the delivery of the bill of sale, or any other evidence of title, and the delivery of the bill of sale and the execution

of other papers required for registry of title long preceded the completion of repairs necessary to put the boat in a deliverable condition. I am of the opinion that title to the boat was not intended to pass until delivery and I am also of the opinion that no delivery was ever made and accepted. It necessarily follows that the measure of plaintiff's damages is the sum paid for the boat with interest.

Plaintiff's motion to amend his complaint, made at the close of the case is granted, and under the stipulation a verdict is directed for plaintiff for $18,000, with interest from May 1, 1919, to the date of trial amounting to $11,601, amounting in all to $29,601. Exceptions are allowed to defendant to both rulings.